UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re: Ruth Anderson

CASE NO. 26-MC-5000-TMC

VEXATIOUS LITIGANT BAR ORDER

THIS MATTER is before the Court on its own motion. On November 6, 2025, the Court notified pro se litigant Ruth Anderson of its intent to enter a Bar Order finding her to be a serial, vexatious litigant, precluding her from continuing to inundate this District with frivolous and facially meritless lawsuits. A copy of the Court's notice was filed in each of the 20 cases Ms. Anderson had open at that time in this District. A copy is attached to this order as Appendix A. The Court invited Ms. Anderson to respond to the notice within 21 days and stated that a failure to respond to the notice would result in the issuance of a Bar Order. Appendix A at 12. Ms. Anderson did not respond in any of her 20 open cases. These include:

VEXATIOUS LITIGANT BAR ORDER - 1

1. *Anderson v. Virginia Quantico Marine Base*, 3:25-cv-05866-TMC.

2. *Anderson v. Estate of Arnold and Joanne Valentine, et al.*, 3:25-cv-05867-TMC

3. *Anderson v. AT&T, et al.*, 3:25-cv-05869-TMC.

4. *Anderson v. Anderson, et al.*, 3:25-cv-05870-TMC.

5. *Anderson v. American Hospital Association, et al.*, 3:25-cv-05871-TMC.

6. *Anderson v. Corporate Extended Family Withholdings, et al.*, 3:25-cv-05872-TMC.

7. *Anderson v. Anderson, et al.*, 3:25-cv-05874-TMC.

8. *Anderson v. Burke et al.*, 3:25-cv-05875-TMC.

9. *Anderson v. Marriott Bonvoy*, 3:25-cv-05876-TMC.

10. *Anderson v. Estate of Jacquie Charlton, et al.*, 3:25-cv-05877-TMC.

11. *Anderson v. Anderson, et al.*, 2:25-cv-01842-TMC.

12. *Anderson v. Melvin Koid Properties, et al.*, 3:25-cv-05854-TMC.

13. *Anderson v. Colleagues of Ruth Anderson, et al.*, 3:25-cv-05855-TMC.

14. *Anderson v. Anderson v. Kirkland Enterprise Rent-A-Car, et al.*, 3:25-cv-05856-TMC.

15. *Anderson v. BMW Company, et al.*, 3:25-cv-05859-TMC.

16. *Anderson v. Jones, et al.*, 3:25-cv-05862-TMC.

17. *Anderson v. Zoom, et al.*, 3:25-cv-05863-TMC.

18. *Anderson v. Vogle*, 3:25-cv-05865-TMC.

19. *Anderson v. McCoy, et al.*, 3:25-cv-05868-TMC.

VEXATIOUS LITIGANT BAR ORDER - 2

20.   *Anderson v. Anderson, et al.*, 3:25-cv-05879-TMC.

On November 24, 2025, the Court's notice was returned as undeliverable in all 20 cases because Ms. Anderson was not at her listed address of 1538 Floral Ct, Longview, WA 98632. *See, e.g.*, *Virginia Quantico Marine Base*, 3:25-cv-05866-TMC, Dkt. 7. This is far from the first time the Court has been unable to reach Ms. Anderson. Notices of filing deficiencies in the 20 open cases were each returned as undeliverable in September 2025. *See, e.g., id*., Dkt. 4. And other courts in this District have previously dismissed Ms. Anderson's cases after she failed to update her mailing address. *See, e.g.*, *Anderson v. United States Government, et al*., 3:23-cv-05333-RJB, Dkts. 7, 9. It has been over four months since the Court has heard from Ms. Anderson, and two months since it warned her of the impending Bar Order.

For the reasons articulated in the Court's prior notice, and based on Ms. Anderson's inaction since that time, the Court ORDERS:

1) Pro se litigant Ruth Anderson is prohibited from filing any pro se civil action in the Western District of Washington unless the complaint or petition is accompanied by an affidavit signed under penalty of perjury attesting and demonstrating that the complaint contains new allegations not previously litigated. Ms. Anderson may not proceed *in forma pauperis* in a civil action without a showing that she is in imminent danger irreparable harm. Any proposed complaint or petition not accompanied by such an affidavit or a showing of imminent danger will not be filed. This is true whether Ms. Anderson pays a filing fee, or not.

VEXATIOUS LITIGANT BAR ORDER - 3

2) The Clerk will initially file any of Ms. Anderson future pro se complaints and/or *in forma pauperis* applications in this miscellaneous case. The Court will screen any claim Ms. Anderson seeks to commence to determine whether it shall be filed.

3) The Clerk will not issue summonses in any pro se action Ms. Anderson attempts to file in this District without prior approval of the Court.

4) The Court may dismiss any future pro se complaint, and deny any motions for *in forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined above, or is otherwise without merit, without issuing an order to show cause or permitting Ms. Anderson to file an amended complaint.

5) This pre-filing screening will not apply to any filing made in this District where Ms. Anderson is represented by counsel. Any such complaint accompanied by a filing fee may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing that is facially frivolous.

6) The Clerk shall file this Bar Order in each of the cases Ms. Anderson has filed in this District this year.

Dated this 28th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

VEXATIOUS LITIGANT BAR ORDER - 4

# Appendix A

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| RUTH ANDERSON, | Case No. 3:25-cv-05866-TMC |
| Plaintiff, | NOTICE OF INTENT TO ENTER BAR ORDER |
| v. | |
| VIRGINIA QUANTICO MARINE BASE, | |
| Defendant. | |

This matter is before the Court on its own motion. Pro se plaintiff Ruth Anderson has filed 36 cases in this District in the last three years. Sixteen of those cases have already been dismissed for Ms. Anderson's failure to pay case filing fees, complete an application to proceed *in forma pauperis* ("IFP"), or file a coherent complaint. The 20 remaining cases—all filed on September 17, 2025—are Ms. Anderson's most recent filings, and they appear to be similarly deficient. Each will be addressed in a separate order.

For the reasons discussed below, this order informs Ms. Anderson of the Court's intention to enter an order barring her from commencing similar vexatious litigation in this District.

NOTICE OF INTENT TO ENTER BAR ORDER - 1

## I.    PROCEDURAL HISTORY

This is a brief overview of the 16 cases Ms. Anderson has filed in this District that have been dismissed for failure to prosecute or failure to state a claim for relief:

**A.    *Anderson v. United States Government, et al.*, 3:23-cv-05333-RJB, filed April 14, 2023.**

Ms. Anderson filed an application to proceed IFP and attached a proposed complaint alleging that the U.S. government and several broadcast companies "paid individuals to [plagiarize] things that [she] originally said" and claiming $225 billion in damages for civil rights and intellectual property violations. Dkt. 1-1. Finding the IFP application deficient and the proposed complaint "devoid of any decipherable factual allegations," Magistrate Judge David W. Christel ordered Ms. Anderson to file an amended complaint along with a renewed application for IFP. Dkt. 3. The order was mailed to Ms. Anderson's address at 1538 Floral Court, Longview, WA, 98632 and returned as undeliverable. Dkt. 4. Judge Christel directed Ms. Anderson to update her address or face dismissal and, after she failed to do so, issued a Report and Recommendation (R&R) recommending dismissal of the case. Dkt. 7. District Judge Robert J. Bryan adopted the R&R on August 7, 2023. Dkt. 9. Ms. Anderson filed a letter several months later stating that the Longview address was correct, which Judge Bryan acknowledged but deemed an improper attempt to reopen the case. Dkts. 11–12. Ms. Anderson appealed to the Ninth Circuit on April 25, 2025, and her appeal was denied as untimely on May 29, 2025. Dkts. 13, 16.

**B.    *Anderson v. YouTube, et al.*, 3:23-cv-05334-DGE, filed April 14, 2023.**

Ms. Anderson filed a similar suit on the same day, alleging intellectual property theft against a different set of defendants. Dkt. 1-1. Ms. Anderson was again directed to cure her deficient IFP application and amend her complaint, Dkt. 3, and the court dismissed her claims

NOTICE OF INTENT TO ENTER BAR ORDER - 2

after its orders were returned as undeliverable and she failed to provide a valid mailing address. Dkts. 4, 6–9.

**C.      *Anderson v. Jones*, 3:25-cv-05388-DGE, filed May 6, 2025.**

Ms. Anderson filed a complaint against an individual containing a single factual allegation: "Estate money from many family members including investigating manner of estate of Irene (Bosch and Bill) from Gold mine in Alaska Fairbanks. Estates in Hawaii as well Honolulu." Dkt. 1-1 at 3. Judge Christel found Ms. Anderson's IFP application deficient and ordered her to cure it. See Dkt. 4 ("Plaintiff states she is 'sort of' employed but provides no information related to her income – either her present or past income. Further, Plaintiff has not answered Questions 4–8 on the IFP application form."). After Ms. Anderson failed to cure the IFP deficiencies, Judge Christel issued an R&R recommending dismissal of the matter, which Chief Judge David G. Estudillo granted. Dkts. 6–7.

**D.      *Anderson v. Trump, et al.*, 3:25-cv-05390-TMC, filed May 6, 2025.**

Ms. Anderson sued Presidents Donald Trump and Barack Obama, alleging the pair plagiarized her statements and used them in their speeches. Dkt. 1-1 at 2. Ms. Anderson left the majority of fields on her IFP application blank, and Magistrate Judge Theresa L. Fricke ordered Ms. Anderson to cure her deficient application or face dismissal. Dkt. 5. Ms. Anderson appealed the order, and the Ninth Circuit denied her appeal less than two months later. Dkts. 8, 12. Judge Fricke issued an R&R recommending dismissal, which this Court adopted. Dkts. 11, 13.

**E.      Remaining Dismissed Cases**

The rest of Ms. Anderson's cases that have already been dismissed are as follows:

NOTICE OF INTENT TO ENTER BAR ORDER - 3

1. *Anderson v. Veterans Affairs Admin.*, et al., 25-cv-05389-TL, filed May 6, 2025.

2. *Anderson v. Jones, et al.*, 3:25-cv-05386-BHS, filed May 7, 2025.

3. *Anderson v. Maloney, et al.*, 3:25-cv-05387-BHS, filed May 7, 2025.

4. *Anderson v. King Cnty. Dep't. of Health and Human Services, et al.*, 3:25-cv-05391-TMC, filed May 7, 2025.

5. *Anderson v. Menkal, et al.*, 3:25-cv-05462-DGE, filed May 23, 2025.

6. *Anderson v. Baggett, et al.*, 3:25-cv-05464-BHS, filed May 23, 2025.

7. *Anderson v. Charlton, et al.*, 3:25-cv-05465-BHS, filed May 23, 2025.

8. *Anderson v. Scott, et al.*, 3:25-cv-05468-KKE, filed May 23, 2025.

9. *Anderson v. Landers, et al.*, 3:25-cv-05470-JNW, filed May 23, 2025.

10. *Anderson v. Isaksen, et al.*, 3:25-cv-05471-TMC, filed May 23, 2025.

11. *Anderson v. Khorami, et al.*, 3:25-cv-05472-DGE, filed May 23, 2025.

12. *Anderson v. Bishop Loverde, et al.*, 3:25-05480-TMC, filed June 2, 2025.

The Court finds it unnecessary to discuss these cases in detail, as each of them follows the same pattern as those already discussed above. First, Ms. Anderson files a deficient IFP that is largely blank, attaching a proposed complaint with minimal and/or incoherent factual allegations.[1] Next, Ms. Anderson is warned that she must cure her deficient IFP or face dismissal. Finally, Ms. Anderson fails to cure the deficiencies within a month, the court dismisses her case, and she appeals to the Ninth Circuit.

**F.      Pending Cases**

On September 17, 2025, Ms. Anderson filed a salvo of 20 new cases. These include:

---

[1] *See, e.g.*, *Scott*, 3:25-cv-05468-KKE, Dkt. 1-1 (proposed complaint contained no factual allegations); *Bishop Loverde*, 3:25-05480-TMC, Dkt. 1-1 (alleging, without explanation, that the former archbishop of Arlington, Virginia plagiarized Ms. Anderson's statements in one of his sermons).

NOTICE OF INTENT TO ENTER BAR ORDER - 4

1. *Anderson v. Virginia Quantico Marine Base*, 3:25-cv-05866-TMC.

2. *Anderson v. Estate of Arnold and Joanne Valentine, et al.*, 3:25-cv-05867-TMC

3. *Anderson v. AT&T, et al.*, 3:25-cv-05869-TMC.

4. *Anderson v. Anderson, et al.*, 3:25-cv-05870-TMC.

5. *Anderson v. American Hospital Association, et al.*, 3:25-cv-05871-TMC.

6. *Anderson v. Corporate Extended Family Withholdings, et al.*, 3:25-cv-05872-TMC.

7. *Anderson v. Anderson, et al.*, 3:25-cv-05874-TMC.

8. *Anderson v. Burke et al.*, 3:25-cv-05875-TMC.

9. *Anderson v. Marriott Bonvoy*, 3:25-cv-05876-TMC.

10. *Anderson v. Estate of Jacquie Charlton, et al.*, 3:25-cv-05877-TMC.

11. *Anderson v. Anderson, et al.*, 2:25-cv-01842-TMC.

12. *Anderson v. Melvin Koid Properties, et al.*, 3:25-cv-05854-TMC.

13. *Anderson v. Colleagues of Ruth Anderson, et al.*, 3:25-cv-05855-TMC.

14. *Anderson v. Anderson v. Kirkland Enterprise Rent-A-Car, et al.*, 3:25-cv-05855-TMC.

15. *Anderson v. BMW Company, et al.*, 3:25-cv-05859-TMC.

16. *Anderson v. Jones, et al.*, 3:25-cv-05862-TMC.

17. *Anderson v. Zoom, et al.*, 3:25-cv-05863-TMC.

18. *Anderson v. Vogle*, 3:25-cv-05865-TMC.

19. *Anderson v. McCoy, et al.*, 3:25-cv-05868-TMC.

20. *Anderson v. Anderson, et al.*, 3:25-cv-05879-TMC.

Ms. Anderson is not proceeding IFP in any of these matters, and instead has simply filed each case without paying the required $405.00 filing fee. The Clerk's office notified Ms. Anderson in each case that she must pay the filing fee by October 27, 2025, and that failure

NOTICE OF INTENT TO ENTER BAR ORDER - 5

to pay the fee may result in dismissal. As of the date of this order, Ms. Anderson has not paid the filing fee in any of the 20 new cases. Much like Ms. Anderson's previous filings, many of her new cases contain complaints with little to no factual substance. *See, e.g., Marriot Bonvoy*, 3:25-cv-05876-TMC, Dkt. 1 (complaint contains no factual allegations). The procedural and substantive merit of each of these cases will be addressed in separate orders.

## II.    DISCUSSION

District courts have the inherent power to enter pre-filing orders against vexatious litigants under The All Writs Act, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although such orders should be used sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48; *Molski*, 500 F.3d at 1057.

The first two factors are procedural, while the "latter two factors . . . are substantive considerations . . . [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

## A.      Notice and opportunity to be heard

The first factor requires that an individual have fair notice of the possibility that they may be declared a vexatious litigant, and further, that they be given an opportunity to oppose the order before it is entered. *Id*. at 1047, 1058. This does not require the court to hold an in-person hearing, as "the opportunity to brief the issue fully satisfies due process requirements." *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) (quoting *Molski,* 500 F.3d at 1058); *see Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (holding opportunity to file a written opposition satisfies first *De Long* factor; collecting cases). This order is notice to Ms. Anderson that the Court intends to enter a bar order, and it provides her an opportunity to submit a written response before a pre-filing order is potentially entered against her.

## B.      Adequate record for review

An adequate record for review should include a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at 1147 (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)). At a minimum, the record should show that the litigant's activities are numerous or abusive. *De Long*, 912 F.2d at 1147.

Ms. Anderson has filed 36 cases in this District. Sixteen of those were dismissed because Ms. Anderson failed to prosecute the case and did not correct numerous deficiencies in her IFP application or complaint. *See supra* Section I.A–E. Ms. Anderson ignored repeated requests to amend her submissions and instead simply appealed the inevitable order dismissing each case. The Ninth Circuit rejected each of her appeals. Ms. Anderson then filed an additional 20 cases—all on the same day—without paying the required filing fee. *See supra* Section I.F. Despite confirming the accuracy of her address in Longview, *see Anderson v. United States Government*,

3:23-cv-05333-RJB, Dkt. 11, the court's recent mailings warning of Ms. Anderson's deficient filings have been returned as undeliverable.

In summary, at the time of this order, not one of Ms. Anderson's 36 cases in this District has included even the basic information needed to file a claim. Ms. Anderson's cases consistently fail to follow court procedures and are certainly "numerous or abusive." *De Long*, 912 F.2d at 1147.

**C.    Frivolous or Harassing Filings**

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Because this factor requires substantive consideration, courts look toward a separate set of considerations that provide a "helpful framework":

> (1) the litigant's history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in other words, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1058. These five substantive factors help determine whether a party is a vexatious litigant and, if so, the sanction that is required to stop the vexatious litigation. *Id.* (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). The final consideration—whether other remedies would be adequate to protect the courts and other parties—is particularly important. *Ringgold Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

NOTICE OF INTENT TO ENTER BAR ORDER - 8

Ms. Anderson's previous cases have largely been dismissed because she failed to complete the forms or pay the fees required to file a federal lawsuit. A review of all 36 cases reveals Ms. Anderson's filings are also substantively deficient. A sizeable minority of Ms. Anderson's cases contain no factual allegations. *See, e.g., Marriot Bonvoy*, 3:25-cv-05876-TMC, Dkt. 1; *Scott*, 3:25-cv-05468-KKE, Dkt. 1-1. Most contain only a few incoherent sentences. *See, e.g., Menkal*, 3:25-cv-05462-DGE ("Negligence pain and suffering of serious probate estate conversations for many years now [and] negligence not notifying me of her passing[.] Nick and Flora Fedora and Margarite Menka Fedora"). The remainder contain paragraphs of incomprehensible claims that are difficult to follow. *See, e.g., Jones*, 3:25-cv-05862-TMC, Dkt. 1 (alleging the defendant "cloned himself 10–15 times to better his health and do FDC favors"). It does not appear Ms. Anderson has yet articulated a plausible claim against anyone. The first and second factors weigh heavily in favor of a bar order.

Ms. Anderson has not been represented by counsel in any of her cases. She has either brought her cases *in forma pauperis* or failed to pay thousands of dollars in filing fees, using the Court's limited resources to address her defective filings. Ms. Anderson does not appear to have ever served any defendant, so her filings have not wasted her opponents' time. But the sheer volume of frivolous filings has placed an unreasonable burden on this District. The third and fourth factors weigh heavily in favor of a bar order.

Finally, other sanctions, including monetary fines, would be punitive and ineffectual. Ms. Anderson's IFP applications and failure to pay court fees indicate she cannot pay for even one of these cases, or even one of her appeals. The court's mail to Ms. Anderson is frequently returned as undeliverable, indicating a practical hurdle to collecting monetary penalties.

Ms. Anderson has filed dozens of cases that are procedurally and substantively deficient. None have ever been served. Her filings have imposed a substantial and unreasonable cost on

NOTICE OF INTENT TO ENTER BAR ORDER - 9

this District. The Court cannot, and is not required to, continue to entertain Ms. Anderson's unproductive filings. The first, second, third, and fourth factors weigh in favor of a bar order, and the Court finds that nothing short of a bar order would adequately redress Ms. Anderson's vexatious conduct.

**D.    Narrowly tailored**

The final factor requires that a pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained).

Ms. Anderson has brought three dozen facially meritless lawsuits in this District over the past three years without paying a single dollar in filing fees. The problem the Court seeks to address with this bar order is Ms. Anderson's repeated and frivolous litigation. The bar order is no less and no greater than the remedy needed to deal with that specific problem.

### III.    ORDER TO SHOW CAUSE

Based on these findings and a thorough review of the record, the Court ORDERS Ms. Anderson to SHOW CAUSE in writing why the Court should not issue a bar order finding her to be a vexatious litigant and ending her ability to file additional pro se cases in this District. Such a bar order specifically would include the following restrictions:

1.    Ms. Anderson is prohibited from filing any *pro se* civil action in the Western District of Washington unless the complaint or petition is accompanied by an affidavit signed under penalty of perjury attesting and demonstrating that the

NOTICE OF INTENT TO ENTER BAR ORDER - 10

complaint contains new allegations not previously litigated. Any proposed complaint not accompanied by such an affidavit will not be filed, even if Ms. Anderson pays the filing fee.

2.   Ms. Anderson may not proceed *in forma pauperis* in a civil action without a showing that she is in imminent danger of irreparable harm. Any proposed IFP application not accompanied by such a showing will not be filed.

3.   The Clerk will initially file any of Ms. Anderson's future *pro se* complaints and/or *in forma pauperis* applications in a miscellaneous case specifically designated for this purpose. The Clerk shall open a miscellaneous case, *In re Ruth Anderson*, for this purpose, and shall file this Order in that new miscellaneous case. The Court will screen each proposed filing to determine whether it shall be filed.

4.   The Clerk will not issue summonses in any *pro se* action Ms. Anderson attempts to file in this District without prior approval of the Court.

5.   The Court may dismiss any future *pro se* complaint, and deny any motions for *in forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined above, or is otherwise without merit, without issuing an order to show cause or permitting Ms. Anderson to file an amended complaint.

6.   This pre-filing screening will not apply to any filing made in this District where Ms. Anderson is represented by counsel. Any such complaint accompanied by a filing fee may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing that is facially frivolous.

The Clerk shall file this notice of intent to enter a bar order in each of the 20 cases Ms. Anderson filed on September 17, 2025.

NOTICE OF INTENT TO ENTER BAR ORDER - 11

Ms. Anderson's response to this order is due no later than 21 days from the date of this order and may not exceed 12 pages. She may file it in this case or any other, but she need not file it in each case. No motions, attachments, exhibits, statements, or supporting documentation will be considered. If Ms. Anderson continues with the sorts of filings she has made so far, the Court will enter the bar order restricting her ability to file any pro se cases in this District. The failure to file a response will also result in the issuance of a Bar Order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address, and to 1090 W. Lake Sammamish, Bellevue, WA.[2]

Dated this 6th day of November, 2025.

Tiffany M. Cartwright
United States District Judge

---

[2] Plaintiff previously provided this address as an alternate. *Anderson v. United States Government*, 3:23-cv-05333-RJB, Dkts. 11–12.

NOTICE OF INTENT TO ENTER BAR ORDER - 12